TOBIN v. ROARING CREEK & C. R. CO. et al.

(Circuit Court, E. D. Pennsylvania. April 27, 1898.)

No. 42.

1. PROOF OF CORPORATE OFFICER'S AUTHORITY—SECONDARY EVIDENCE.
   Where the authority of the president of a corporation to make the contract sued on is alleged to be conferred by a resolution of the board of directors, plaintiff's oral testimony to the contents of a copy of such resolution, under corporate seal, attested by the secretary, is inadmissible, where no steps have been taken for the production of the alleged copy.

2. RAILROAD COMPANIES—AUTHORITY OF PRESIDENT—CONTRACTS.
   The president of a railroad company has no inherent authority to make a contract with an individual whereby the latter is to procure a loan of $150,000 for the company in consideration of receiving 10 per cent. of that sum.

This was an action at law by Eugene Tracy Tobin, a citizen of Pennsylvania, against the Roaring Creek & Charleston Railroad Company, a West Virginia corporation, and Cassius L. Dixon, a citizen of West Virginia, who is receiver of the said railroad company, to recover money alleged to be due under a contract. The case was heard on a motion to strike off a nonsuit.

Francis Tracy Tobin, Henry Budd, and Samuel G. Thompson, for plaintiff.

Henry C. Terry and John G. Johnson, for defendants.

DALLAS, Circuit Judge. This action was brought to recover $15,000, with interest, alleged to be due to the plaintiff by the corporation defendant, by virtue of an alleged contract by it with him that, if he (the plaintiff) would procure a loan of $150,000, to be made to the corporation, it would pay to him the sum of 10 per cent. of said $150,000. Two statements of plaintiff's claim were filed, one upon June 29, 1896, and the other upon October 7, 1897. At the outset of each of them it is said:

"The Roaring Creek and Charleston Railroad Company, by a resolution of the board of directors at a meeting of the board duly held, authorized and empowered Samuel B. Diller, the president of said corporation, to make any and all contracts for the transaction of the business and the prosecution of the work of said corporation which he; the said Samuel B. Diller, as president thereof, might see proper to make."

This allegation is a material one. The plaintiff, upon the trial, attempted to present his case in accordance with it. He under-

took to show that power to make the contract sued upon had been given to Samuel B. Diller in the manner stated; but he wholly failed to accomplish this undertaking. He offered to testify, as a witness on his own behalf, to the contents of a copy, under corporate seal, attested by the secretary, of a resolution of the board of directors, by which he asserted the special authority relied upon had been conferred upon Mr. Diller. But this offer of oral evidence of the contents of a writing being objected to, I, in substance, said: Plaintiff is here setting up a contract which he alleges was made with him on behalf of the defendant corporation by an agent, whose authority to make that contract plaintiff says is evidenced by a certain resolution. Hence the fact now sought to be established is the existence of the authority alleged. The ordinary manner of showing that authority would be by the production of the minute book, and finding there a resolution vesting the power to make the contract in the person who made it. I do not think, and do not desire to be understood as holding, that the absence of such a resolution from the minute book would be conclusive upon the plaintiff, but the method by which he has sought to establish its existence is by showing that there was a certain certificate exhibited to him; and therefore it is essential for him to show that there was such a certificate. He proposes to prove that there was, not by its production, but by secondary evidence of its contents of the lowest degree; that is, by the oral testimony of the plaintiff himself. Such evidence is not to be received until the trial judge is satisfied that notice to produce has been given, and that production is refused in answer to that notice, or, perhaps, that a witness having its custody has been subpœnaed to produce the writing, and has failed to do so. As neither of these necessary preliminary steps appears to have been taken, the proposed oral evidence must be excluded. I still entertain the opinion which was thus expressed, and think that the judgment of nonsuit, which was entered mainly upon the ground of failure of proof of Diller's alleged authority to make the contract in suit, ought not to be disturbed. As I have said, the plaintiff, in his declaration and upon the trial, set up a specific authorization. Failing to establish it, he now contends that the necessary authority was inherent in Diller, as president of the company; but I cannot assent to this. The transaction which it is claimed the corporation employed the plaintiff to make was an extraordinary one, and quite beyond the sphere of its ordinary business and the customary scope of the agency of the president of such a corporation. There was no evidence of express ratification of Mr. Diller's alleged arrangement with the plaintiff, and the argument that the railroad company accepted the fruit of Mr. Tobin's alleged services with knowledge that they had been rendered is, I think, wholly unsupported in point of fact; and it is by no means clear that Mr. Tobin ever obtained for the railroad company such a loan as he asserts he was employed to obtain. The defendants' motion to strike off the nonsuit is denied.